**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerzain Salvador MANZO–SOLANO, a.k.a. Gerzain Manzo–Solano, Defendant–Appellant.**

**No. 14–10511.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2016.*

Filed April 18, 2016.

Arturo Andres Aguilar, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

John Howard Messing, Messing Law Offices, PLC, Tucson, AZ, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

### MEMORANDUM **

Gerzain Salvador Manzo–Solano appeals from the district court's judgment and challenges the 27–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Manzo–Solano contends that the district court erred in applying a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction for second-degree robbery under California Penal Code §§ 211 and 212.5(c) is not a crime of violence. This claim is foreclosed. *See United States v. Becerril–Lopez,* 541 F.3d 881, 893 & n. 10 (9th Cir.2008) (a conviction for robbery under California Penal Code § 211 is a categorical crime of violence). Contrary to Manzo–Solano's assertion, *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), which concerns the modified categorical approach, does not allow us to disregard *Becerril–Lopez.* *See Miller v. Gammie,* 335 F.3d 889, 893 (9th Cir.2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).